HOUSTON & TEXAS CENTRAL R. R. CO. V. ELIZA HICKS.

(No. 810.)

EVIDENCE.— In suit for damages against railway, statement of engineer inadmissible, when.

APPEAL from Dallas county. Opinion by WALKER, J.

It is assigned as error that the court "erred in permitting evidence of the declarations of the engineer as to the condition of the locomotive on the trip before the explosion; said declarations made after the explosion, over the objection of the defendant." Said evidence, given by Dr. Momaud for plaintiff, was that the engineer stated that "he had stopped twice since he left Houston to come to Dallas on that trip to plug the engine to prevent explosion, and said he was d—d glad it was exploded." Said further that "he got off of the engine as soon as it stopped; he was looking for it to explode." The rule of evidence applicable to the question here presented is stated in 2 Wharton on Evidence, sec. 1174. The declarations of the engineer sought to be used to establish the fact of unsoundness, and consequently the unfitness and dangerous condition of the defendant's engine when the explosion occurred, as admissions made by the defendant's servant, were not admissible to bind said defendant. Hearsay evidence is admissible when it is part of a transaction, but not where it is merely narrative of it. A narrative of past events cannot be introduced as part of the *res gestæ*. See Felt *v.* Amidon, 43 Wis., 476. The declarations made by the engineer, although made almost immediately after the explosion, related to facts that were not otherwise connected with the transaction under investigation than as narrative of the preceding facts occurring before the explosion, which, if true, would serve to explain its cause, viz., the dangerous condition and unsoundness of the engine. Such declarations would be hearsay, and we think the court erred in admitting them; and for this error the judgment is reversed and the cause remanded.